UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DAVID THOMPSON, | Case No. 09-14483 |
| Plaintiff, | Paul D. Borman |
| vs. | United States District Judge |
| CORRECTIONAL MEDICAL | Michael Hluchaniuk |
| SERVICES, INCORPORATED, *et al.,* | United States Magistrate Judge |
| Defendants. | |
| _____ / | |

**REPORT AND RECOMMENDATION**
**DISMISSAL FOR FAILURE TO TIMELY EFFECTUAL SERVICE**

**I.    PROCEDURAL HISTORY**

This is a prisoner civil rights action filed on November 17, 2009.  (Dkt. 1). Plaintiff claims a violation of his rights under the United States Constitution.  On November 24, 2009, this case was referred to the undersigned by District Judge Paul D. Borman for all pretrial purposes.  (Dkt. 7).

Service was attempted as to defendant Keith Ivens at 12647 Olive Boulevard, St. Louis, MO 63141 (which is the current address for Correctional Medical Services, Inc.) and returned unexecuted on January 5, 2011.  An order for plaintiff to provide a correct address for defendant Keith Ivens was entered on February 14, 2011.  (Dkt. 37).  Plaintiff's response was filed on March 14, 2011.

(Dkt. 39). However, the address plaintiff has provided is a former address for Correctional Medical Services, Incorporated. Based on the foregoing, the Court ordered plaintiff to show cause, in writing, by April 19, 2011, why the undersigned should not recommend dismissal for failure to provide a current address for defendant Keith Ivens. (Dkt. 40). The Court warned plaintiff that "[f]ailure to satisfactorily or timely comply with this order will result in a recommendation that the action against defendant Keith Ivens should be dismissed for lack of prosecution in accordance with Federal Rule of Civil Procedure 41 and Local Rule 41.2." (Dkt. 40). Plaintiff has failed to respond to the order to show cause or provide an appropriate service address for Dr. Ivens.

For the reasons set forth below, the undersigned **RECOMMENDS** that the complaint against defendant Ivens be **DISMISSED** without prejudice.

## II.   ANALYSIS AND CONCLUSION

Federal Rule of Civil Procedure 4(m) provides that if service is not effectuated within 120 days the Court must dismiss the action without prejudice as to that defendant. "Absent a showing of good cause to justify a failure to effect timely service, the Federal Rules of Civil Procedure compel dismissal." *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996), citing, *Habib v. General Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994). It is plaintiff'S burden to establish good cause for failing to timely effect service. *Habib*, 15 F.3d at 73. Further, Local Rule 41.2

provides that if the parties have not taken action within a reasonable time, the Court may enter an order dismissing the case for lack of prosecution.

Plaintiff failed to serve the summons and complaint after being warned that failure to do so could result in dismissal. (Dkt. 40). Therefore, the undersigned recommends that plaintiff's complaint against defendant Ivens be dismissed without prejudice pursuant to Rule 4(m) and Local Rule 41.2. *See Habib*, 15 F.3d at 73 ("Absent a showing of good cause to justify a failure to effect timely service, the Federal Rules of Civil Procedure compel dismissal.").

### III. RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that plaintiff's complaint against defendant Ivens be **DISMISSED** without prejudice pursuant to Rule 4(m) and Local Rule 41.2.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health*

*and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  November 4, 2011                      s/Michael Hluchaniuk
                                         Michael Hluchaniuk
                                         United States Magistrate Judge

### CERTIFICATE OF SERVICE

I certify that on November 4, 2011, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: <u>Richard A. Joslin, Jr.</u>, and I certify that I have mailed by United States Postal Service the paper to the following non-ECF participant(s): <u>David Thompson, #241862, 10235 County Rd. 487, Atlanta, MI 49709</u>.

                                         s/Tammy Hallwood
                                         Case Manager
                                         (810) 341-7887
                                         tammy_hallwood@mied.uscourts.gov