UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID THOMPSON,

               Plaintiff,             Case No. 09-14483

v.

                                                Paul D. Borman

CORRECTIONAL MEDICAL          United States District Judge
SERVICES, INCORPORATED,

                                                Michael Hluchaniuk
               Defendant.           United States Magistrate Judge
_____/

OPINION AND ORDER:
(1) GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION AND REMAND OF
THE REPORT AND RECOMMENDATION AS TO CMS ONLY (ECF No. 78);
(2) RETURNING THE REPORT AND RECOMMENDATION (ECF NO. 61) TO THE
MAGISTRATE JUDGE WITH INSTRUCTIONS; AND
(3) DENYING AS MOOT DEFENDANT CMS'S OBJECTION TO THE REPORT AND
RECOMMENDATION (ECF NO. 62)

Before the Court is Plaintiff David Thompson's "Motion for Reconsideration and Remand of the Report and Recommendation (D/E 61) as to CMS Only". (ECF No. 77). Defendant Correctional Medical Services ("CMS") filed a response on May 13, 2014. (ECF No. 78).

I. Pertinent Background and Procedural History

The Court notes that this case has a long procedural history that impacts the posture of the motion before it. Plaintiff originally filed this action, *pro se*, on November 17, 2009. (ECF No. 1). Plaintiff alleged that Defendants CMS and Dr. Darelle Brady deprived him of certain constitutional rights by failing to obtain an orthopedic consultation or an MRI for him after he sustained an injury to the tendons of his left arm. Defendants CMS and Dr. Brady filed a joint motion for summary judgment in March 26, 2012, which was referred (with all other pretrial matters) to Magistrate Judge Michael Hluchaniuk. (ECF. Nos. 7, 55). Plaintiff filed a response

to the motion for summary judgment on May 1, 2012. (ECF No. 57). On January 24, 2013, Magistrate Judge Hluchaniuk issued a Report and Recommendation that recommended summary judgment be granted as to Defendant Dr. Brady but denied as to Defendant CMS. (ECF No. 61). Defendant CMS then filed an objection to that recommendation arguing that Defendant CMS was also entitled to summary judgment. (ECF No. 62).

Plaintiff filed a motion for the appointment of counsel with this Court (ECF No. 63) that was granted on October 11, 2013. (ECF No. 64). Attorney Daniel E. Manville was assigned to represent Plaintiff. (ECF No. 65). Thereafter, Plaintiff's new counsel filed a motion pursuant to FED. R. CIV. P. 56(d) seeking to engage in discovery on the issue of whether Defendant CMS had a custom or policy of not providing necessary medical care in a timely manner. (*See* ECF No. 66). Plaintiff's counsel also filed a motion seeking leave to file an amended complaint on November 16, 2013. (ECF No. 67). Both motions were fully briefed. (ECF Nos. 70, 71, 72, 73).

On March 10, 2014, Magistrate Judge Hluchaniuk issued an Order which denied Plaintiff's Rule 56(d) motion to undertake discovery explaining that the motion was filed too late and explaining that such a motion must be filed before the deadline for submitting a response to a motion for summary judgment. (ECF No. 74, Order at 8). Magistrate Judge Hluchaniuk also granted Plaintiff's motion for leave to file an amended complaint noting that the proposed amended complaint eliminated Defendant Dr. Brady and clarified the claims against Defendant CMS. (*Id*. at 5-7).

In the March 10, 2014 Order in which Magistrate Judge Hluchaniuk denied Plaintiff's request to invoke Rule 56(d), the Magistrate Judge explained:

> [I]t is generally recognized that courts have discretion to consider new evidence when resolving objections to a magistrate judge's report and recommendation. *See Bodman v. Dennis*, 2013 WL 2458383, at *2-3 (W.D. Mich. June 6, 2013) (collecting cases from the First, Second, Third, Fifth, Seventh, Ninth and Eleventh Circuits recognizing the district court's discretion to consider new evidence when resolving objections to a magistrate judge's report and recommendation).[1]  Because counsel for plaintiff was only recently appointed, and recognizing that it is the regular practice of the Court to permit appointed counsel to properly litigate the case, including amending the complaint, seeking discovery not sought by the *pro se* plaintiff, and making a more informed presentation of the facts and law, the undersigned suggests that plaintiff file a motion with the Court seeking reconsideration of the Report and Recommendation as to defendant CMS only, asking the Court to recommit this matter to the undersigned with instructions to reconsider defendant's motion for summary judgment as to CMS after plaintiff, through this newly-appointed counsel, has had an opportunity to seek discovery as outlined in his motion and the parties have an opportunity to submit supplemental briefing on defendant's motion for summary judgment. *See* 28 U.S.C. § 636(b)(1) (stating that a "judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence *or recommit the matter to the magistrate judge with instructions*.") (emphasis added); Fed. R. Civ. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; *or return the matter to the magistrate judge with instructions.*") (emphasis added) . . . This procedure would be fair to defendant CMS and would allow it to address any facts that may turn up in additional discovery and any argument made by plaintiff. *See Bodman*, 2013 WL 2458383, at *3 (concluding that the court should exercise its discretion to consider defendant's new evidence because plaintiff has had an opportunity to respond to the new evidence and does not object to it).

(ECF No. 74, Order at 8-9).  Defendant CMS did not object to the March 10, 2014 Order.

---

[1] In *Bodman*, the court also noted an unpublished Sixth Circuit decision, *Muhammad v. Close*, No. 08-1944, 2009 WL 8755520 (6th Cir. 2009), that "cited both the Ninth Circuit's decision in *Howell* and the Fifth Circuit's decision in *Freeman* with approval" in finding that a district court decision to disregard an affidavit first presented by the plaintiff in an objection to a report and recommendation was not an exercise of discretion.  *Bodman*, 2013 WL 2458383, at *2; *see also Muhammad*, No. 08-1944, 2009 WL 8755520, at *2.  Therefore, the *Bodman* court concluded that the Sixth Circuit in *Muhammad* implicitly recognized "that district courts have discretion to consider new materials in deciding objections to reports and recommendations." *Bodman*, 2013 WL 2458383, at *2; *see also Muhammad v. Close*, 798 F. Supp. 2d 869, 873 (E.D. Mich. July 8, 2011) (noting same).

3

II. Current Motion for Reconsideration

On May 6, 2014, Plaintiff filed the present Motion for Reconsideration and Remand of the Report and Recommendation which noted that Plaintiff had been recently appointed counsel in the action and requesting that the Court "recommit this matter to the magistrate judge for his consideration to set aside the report and recommendation at the request of Plaintiff to allow Plaintiff to engage in discovery." (ECF No. 77, Mot. to Reconsider at ¶¶ 2-3).

In response to Plaintiff's Motion for Reconsideration, Defendant CMS claims that Plaintiff incorrectly refers to docket entry number 61 as a report and recommendation when in fact the Magistrate Judge issued an order rather than a report and recommendation denying Plaintiff's Rule 56(d) Motion. (ECF. No. 78, Def.'s Br. at 1-2). Defendant CMS then goes on to assume that Plaintiff's motion for reconsideration is in fact an objection to the March 10, 2014 Order and argues that the objection should be denied because: (1) the objection is untimely under Federal Rule of Civil Procedure 72(a), (2) Plaintiff's requested remedy (that the matter be returned to the Magistrate Judge with instructions) is unavailable because the March 10, 2014 order was not a report and recommendation disposing of a dispositive motion, (3) Plaintiff failed to make a specific objection to the order, and (4) Plaintiff's argument merely rehashes the same request that he be allowed to undertake discovery pursuant to Rule 56(d).

The Court finds that Defendant CMS's arguments are unavailing as they are all based on the flawed premise that Plaintiff objecting to the Magistrate Judge's March 10, 2014 Order that denied his non-dispositive motion for discovery pursuant to FED. R. CIV. P. 56(d). In fact, Plaintiff is clearly (per the Magistrate Judge's suggestion) asking this Court to reconsider the pending Report and Recommendation granting in part and denying in part Defendant's Motion

4

for Summary Judgment. (*See* ECF No. 61, Report and Recommendation). The Court recognizes that the January 24, 2013, Report and Recommendation addressed a dispositive summary judgment motion and, therefore, Rule 72(b) is applicable to this Court's treatment of that pending Report and Recommendation. Accordingly, the Court may "accept, reject, or modify the recommended disposition; receive further evidence; *or return the matter to the magistrate judge with instructions*." FED. R. CIV. P. 72(b)(3) (emphasis added); *see also* 28 U.S.C. § 636(b)(1) (a "judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter the magistrate judge with instructions.")

To the extent Defendant CMS contends that Plaintiff's request to recommit the matter to the Magistrate Judge with instructions is untimely under Rule 72(b), the Court, like the Magistrate Judge, is mindful that it is the regular practice of this Court to permit appointed counsel to properly litigate a case and present the Court with a fully informed presentation of the material facts and applicable law (this includes allowing appointed counsel to amend a complaint and seek discovery not requested previously by a *pro se* plaintiff). Here, the Court notes that Plaintiff was only recently appointed counsel and this appointment occurred after the Magistrate Judge issued his Report and Recommendation on the summary judgment motion. Further, the Court finds that returning the Report and Recommendation to the Magistrate Judge would not unduly prejudice Defendant CMS when it would have the ability to respond to any new facts or theories proposed by Plaintiff. *See Bodman v. Dennis*, 2013 WL 2458383, *3 (W.D. Mich. June 6, 2013).

Therefore, the Court concludes that it is within the sound discretion of this Court to grant

Plaintiff's Motion for Reconsideration in accordance with Rule 72(b) and 28 U.S.C. § 636(b)(1) and recommit the Report and Recommendation to the Magistrate Judge with instruction detailed below.

### III. CONCLUSION

For all these reasons, the Court:

(1) GRANTS Plaintiff's Motion for Reconsideration and Remand of the Report and Recommendation as to CMS Only (ECF No. 77);

(2) RETURNS the Report and Recommendation (ECF No. 61) to the Magistrate Judge with instructions that the Magistrate Judge reconsider the motion for summary judgment as to Defendant CMS after Plaintiff, through his newly-appointed counsel, has had an opportunity to seek discovery as outlined in his Rule 56(d) motion (*see* ECF No. 66) and both parties have had an opportunity to submit supplemental briefing on the motion for summary judgment; and

(3) DENIES AS MOOT Defendant CMS's Objection to the Report and Recommendation. (ECF No. 62).

IT IS SO ORDERED.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: August 8, 2014

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 8, 2014.

s/Deborah Tofil
Case Manager